## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-494


GREGORY COUTEE

VS.

SAFEWAY INSURANCE COMPANY OF LOUISIANA, ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
## THIRTEENTH JUDICIAL DISTRICT COURT
## PARISH OF EVANGELINE, NO. 72678-B
## HONORABLE THOMAS F. FUSILIER, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

Sherman Stanford
P.O. Box 1237
Opelousas, LA 70570
COUNSEL FOR PLAINTIFF-APPELLANT:
     Gregory Coutee

Hollie K. Yandle
Dawn L. Morris
P.O. Box 3324
Lafayette, LA 70502
COUNSEL FOR DEFENDANT-APPELLEE:
     Safeway Insurance Company of Louisiana

**PAINTER, Judge.**

Plaintiff, Gregory Coutee, appeals a trial court judgment dismissing his claims against Quamecia Anderson, thedriver of the vehicle involved in a collision with the vehicle in which Coutee was a passenger. Finding no error in its decision to dismiss the claim, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

The trial court, in written reasons for judgment, outlined the undisputed underlying facts as follows:

> The court is presented with a fact situation which involves a collision between two backing vehicles. A vehicle driven by Mr. Closton Melvin drove in a forward direction on a street in front of the residence of Ms. Quamecia Anderson, while Ms. Anderson was in her vehicle preparing to back out of her garage onto her driveway and then onto the street. After passing in front of the Anderson residence, the Melvin vehicle stopped at or very near the stop sign at the next intersection. Allegedly having passed up his intended stopping point, Mr. Melvin proceeded to back his vehicle along the same lane he had just traveled. Meanwhile, having seen the Melvin vehicle proceed in a forward direction and stop at or near the next stop sign, Ms. Anderson proceeded to back onto the roadway. The rear of the Melvin vehicle struck the rear quarter of the Anderson vehicle on the passenger side. Damages are claimed by Ms. Anderson against Mr. Melvin and his insurer and damages are claimed by Mr. Coutee, a passenger in the Melvin vehicle, against Ms. Anderson and her insurer.

Coutee filed suit to recover damages for injuries incurred in the accident, claiming that the incident was the sole fault of Anderson. Anderson filed suit against Melvin. Both Melvin and Anderson were insured by Safeway, and both Coutee and Anderson named Safeway as a defendant. The suits were consolidated and tried by the court. After hearing the evidence, the court found Melvin to be one hundred percent at fault in the accident, dismissed Coutee's suit, and awarded damages to Anderson. Coutee appeals the dismissal of his suit.

1

## DISCUSSION

Coutee argues that the trial court incorrectly applied the law regarding backing out of a driveway to this case and that Anderson should have been found one hundred percent at fault in the accident.

Both backing vehicles involved had statutorily imposed duties of care. La.R.S. 32:124 states, with regard to vehicles backing out of a driveway, that:

> The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.

La.R.S. 32:281 places limitations on backing while on public roads as follows:

> A. The driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic.
>
> B. The driver of a vehicle shall not back the same upon any shoulder or roadway of any controlled-access highway except as a result of an emergency caused by an accident or breakdown of a motor vehicle.

Melvin, driver of the vehicle which was backing up from near a stop sign on a public street, did not testify at trial. Coutee, his passenger, testified that they had passed a friend's house and were backing up to talk to their friend, who was in the yard of his house. He did not testify as to Melvin's level of attention or as to his observations of Anderson's actions.

Anderson testified that she was in her vehicle in the driveway of her house. While attempting to back into the street, she twice looked both ways and saw a vehicle at the stop sign. When she backed up, the vehicle that had been at the stop sign backed into her vehicle.

2

Lincoln Bellard, who was standing in his front yard across the street from Anderson's house, witnessed the accident. He testified that he saw Anderson look both ways as she backed down her driveway when Melvin suddenly began backing up and hit her vehicle. He stated that Melvin "put it so fast in back he…he…I doubt if he look[ed] where he was going?"

The trial court found, in its written reasons for judgment, that:

> The question becomes whether a reasonable and prudent driver in Ms. Anderson's position would presume that the Melvin vehicle, stopped at a stop sign, would proceed forward, left, or right and that her backing would not interfere with the travel of the Melvin vehicle. It is the finding of this court that the answer to the question posed would be in the affirmative. It is reasonable to assume that a driver in the Melvin vehicle's position would continue forward. A driver cannot be called upon to foresee any possible action by another vehicle and to await movement until all possible scenarios have been exhausted. . . . The court in the present case finds that, as in [*Berry v. Fidelity and Cas. Co. of N.Y.*, 223 So.2d 485 (La.App. 1 Cir. 1969),] Ms. Anderson did not act in an imprudent or unreasonable manner.

The trial court's determination of whether Melvin's or Anderson's conduct caused Coutee's injuries is factual and thus, subject to the manifest error standard of appellate review.

> Consequently, a court of appeal may not set aside a jury's finding unless it is manifestly erroneous or clearly wrong.
>
> In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and meet the following two-part test: (1) find that a reasonable factual basis does not exist for the finding; and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous.

*Lewis v. Proline Systems, Inc.*, 13-88, p. 2 (La.App. 3 Cir. 6/19/13), 117 So.3d 289, 292 (quoting *Greer v. State ex rel. Dep't of Transp. & Dev.*, 06-417, pp. 2-3 (La.App. 3 Cir. 10/4/06), 941 So.2d 141, 145, *writ denied*, 06-2650 (La. 1/8/07), 948 So.2d 128) (citations omitted).

The trial court herein, using a duty-risk analysis, determined that Anderson did not breach her statutorily imposed duty and that Melvin did breach his statutorily imposed duty. The testimony adduced at trial establishes a reasonable factual basis for this conclusion. Having reviewed the record in its entirety, we find that the conclusion is not manifestly erroneous.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Plaintiff-Appellant, Gregory Coutee.

**AFFIRMED.**